IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00170-PAB

MICHAEL C. TRIMARCO,

    Plaintiff,

v.

CHARLES E. ERGEN, III,

    Defendant.

---

## ORDER TO SHOW CAUSE

---

This matter comes before the Court on Plaintiff's Supplemental Memo of Law in Response to Court's Order to Show Cause Relating to Subject Matter Jurisdiction [Docket No. 30] and Plaintiff's Second Supplemental Memo of Law in Response to Court's Order to Show Cause Relating to Subject Matter Jurisdiction [Docket No. 33]. Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 4.

On April 16, 2018, the Court ordered plaintiff to show cause why this case should not be dismissed based on plaintiff's failure to establish where the parties are domiciled for purposes of diversity jurisdiction. Docket No. 24 at 2-3. Plaintiff filed a response to the show cause order on April 20, 2018, claiming that he "is a United States citizen and a citizen of New York" and that defendant renounced his United States citizenship in 2011 and became a citizen of the Federation of Saint Christopher and Nevis. Docket No. 25 at 2. Before the Court ruled on the sufficiency of plaintiff's new allegations,

plaintiff filed two supplemental responses to the Court's show cause order. *See* Docket Nos. 30, 33.[1] In the first supplemental response, plaintiff states that documents filed by defendant in conjunction with his pending motion to dismiss indicate that defendant's United States citizenship was restored in 2016 and given retroactive effect to September 14, 2011. Docket No. 30 at 2. Although plaintiff does not dispute that defendant currently resides overseas, *see id.* at 2 ("Chase maintains that he resides in Switzerland"), plaintiff contends that diversity jurisdiction exists because defendant has never relinquished his Colorado domicile. *Id.* at 3. Plaintiff cites three facts to support this argument: (1) defendant sought restoration of his United States citizenship in 2016; (2) defendant went through "extraordinary efforts to obtain sole custody of his daughter," who now lives with his parents in Colorado; and (3) defendant moved to Switzerland for the sole purpose of obtaining medical treatment. *Id.* at 2.

In plaintiff's second supplemental response, filed on May 9, 2018, plaintiff contends that defendant has been residing at 5225 Bow Mar Drive, Littleton, Colorado, for the past several months with his "one-time" fiancée who recently gave birth to defendant's second child. Docket No. 33 at 2. Plaintiff asserts that these newly discovered facts demonstrate defendant's intent to remain domiciled in Colorado. *Id.* at 3.

Under 28 U.S.C. § 1332(a)(1)-(2), a district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,0000,

---

[1]Plaintiff also filed motions for leave to file the supplemental responses. *See* Docket Nos. 29, 32. The Court grants the motions and accepts plaintiff's supplemental responses as filed.

exclusive of interests and costs, and is between [ ] citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." However, a "United States citizen domiciled in a foreign country" is neither a citizen of a state nor a "citizen or subject of a foreign state" for purposes of § 1332. *Jones v. Dalrymple*, 679 F. App'x 668, 669 (10th Cir. 2017) (unpublished) (internal quotation marks and brackets omitted) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989)). Instead, such a person is considered "stateless" and cannot sue or be sued in federal court based on diversity jurisdiction. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008); *see also Newman-Green, Inc.*, 490 U.S. at 829 (finding that defendant's "'stateless' status" and United States citizenship destroyed complete diversity under § 1332). Plaintiff admits that defendant is a citizen of the United States. *See* Docket No. 30 at 2; Docket No. 33 at 2. The Court's subject matter jurisdiction over this case thus depends on whether defendant is also domiciled abroad.

The general rule is that "[o]ne acquires a 'domicile of origin' at birth, and that domicile continues until a new one (a 'domicile of choice') is acquired." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (noting presumption that "domicile, once established, remains the same") (citing *Mitchell v. United States*, 88 U.S. 350, 353 (1874)). For a person to "effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

Plaintiff alleges that defendant's childhood domicile was Colorado. *See* Docket

No. 30 at 3. This allegation is supported by the record. *See* Docket No. 14-1 at 3, ¶ 7 (affidavit of Christopher McAdam) (stating that "5330 Lakeshore Drive was Chase's childhood home); Docket No. 25-1 at 2, ¶ 7 (declaration of Michael Trimarco) (stating that defendant "grew up at 5330 Lakeshore Drive in Littleton, Colorado" and that defendant's parents continue to reside there). Plaintiff further asserts that defendant continues to be domiciled in Colorado because "he never established a permanent domicile in Switzerland." Docket No. 30 at 3. As evidence of this fact, plaintiff cites defendant's decision to seek restoration of his United States citizenship in 2016, his daughter's residence at the 5330 Lakeshore Drive address, his fiancée's residence at a home directly behind his parents' Lakeshore Drive address with defendant's second child, and defendant's limited purpose for moving to Switzerland – to seek medical treatment. *See id.* at 2-3; Docket No. 33 at 3.[2]

Although plaintiff's allegations might ordinarily entitle him to a presumption that defendant has not changed his domicile, other evidence in the record undermines that conclusion. *See Middleton*, 749 F.3d at 1200 (presumption that party's domicile remains the same can be rebutted by the production of "sufficient evidence suggesting that domicile has changed"). For example, defendant has submitted evidence in support of his pending motion to dismiss showing that he has lived at the same address

---

[2]Plaintiff also notes defendant's current residence in Colorado, but does not specifically argue that this demonstrates defendant's intent to remain domiciled in the state. Docket No. 33 at 2-3. In any event, this fact does not cure plaintiff's failure to address the evidence suggesting that defendant is domiciled overseas. Assuming defendant established a domicile in Switzerland, his presence in Colorado for the past several months would be insufficient, standing alone, to effect a change in domicile. *See Smith*, 445 F.3d at 1260 (noting that an intention to remain domiciled in a particular place is an indispensable element of changing domicile).

4

in Switzerland since 2009, holds a Swiss residency card and driver's license, and works for a Swiss company. *See* Docket No. 27-1 at 2, ¶ 3; Docket No. 27-2 at 2, ¶¶ 3-4, 6; *see also Middleton*, 749 F.3d at 1201 (citing a party's current residence, place of employment, and driver's license as factors to be considered in determining party's domicile). Additionally, plaintiff presented evidence in his initial response to the Court's show cause order that defendant renounced his United States citizenship in 2011 and obtained citizenship in the Federation of Saint Christopher and Nevis the following year. *See* Docket No. 25 at 2; Docket No. 25-1 at 2, ¶ 8; Docket No. 25-4 at 7. Although defendant's U.S. citizenship has since been restored, his decision to obtain citizenship in a foreign country is inconsistent with a finding that defendant has "never established a permanent domicile" outside of Colorado. *See* Docket No. 30 at 3. Finally, the August 2016 letter restoring defendant's citizenship status suggests that it was the failing health of defendant's grandmother, not his desire to permanently return to the United States, that prompted defendant's request for restoration of citizenship. *See* Docket No. 27-4 at 2 ("Our office takes note of your request for expedited adjudication due to the failing health of your grandmother . . . ."). Plaintiff has not addressed the impact of this evidence on the determination of defendant's domicile. Because the evidence rebuts plaintiff's assertion that defendant has not established a permanent domicile outside of Colorado, plaintiff's allegations are presently insufficient to establish subject matter jurisdiction.

Plaintiff alternatively requests an opportunity to conduct jurisdictional discovery on the issue of defendant's domicile. Docket No. 30 at 3 (requesting discovery of "the evidentiary basis upon which Chase's citizenship was reinstated," "Chase's travel

records" to and from Colorado, and "Chase's intent to be domiciled in Colorado"); Docket No. 33 at 4 (same). While a district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, such discovery is discretionary. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (where party invoking federal jurisdiction has "failed to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies," it is "well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal"). Plaintiff does not argue that the denial of jurisdictional discovery will result in prejudice. *See Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (stating that "a refusal to grant [jurisdictional] discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant"). Accordingly, the Court declines plaintiff's request. To permit jurisdictional discovery in this case would undermine the well-established rule that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *See Radil*, 384 F.3d at 1224; *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) ("[S]hould the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court, the court would deny such a request. In such a situation, the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had – but did not – before coming through the courthouse doors, even though the court would have the inherent power to do so.").

Because the Court is presently unable to determine defendant's citizenship and

whether the Court has subject matter jurisdiction, it is

**ORDERED** that Plaintiff's Unopposed Motion to File a Supplemental Response to the Court's Order to Show Cause Regarding Subject Matter Jurisdiction [Docket No. 29] is **GRANTED**. It is further

**ORDERED** that Plaintiff's Second Unopposed Motion to File a Supplemental Response to the Court's Order to Show Cause Regarding Subject Matter Jurisdiction [Docket No. 32] is **GRANTED**. It is further

**ORDERED** that, on or before **5:00 p.m.** on **May 30, 2018**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction. It is further

**ORDERED** that plaintiff's response to the Court's show cause order shall specifically address the impact of the following evidence on the Court's determination of defendant's domicile: (1) defendant's residency at the same address in Switzerland since 2009; (2) defendant's possession of a Swiss residency card since 2009; (3) defendant's possession of a Swiss driver's license since 2009; (4) defendant's renunciation of U.S. citizenship in 2011; and (5) the suggestion, in the 2016 letter restoring defendant's U.S. citizenship, that defendant sought restoration of his U.S. citizenship in order to visit his ailing grandmother.

DATED May 17, 2018.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge