IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00170-PAB

MICHAEL C. TRIMARCO,

    Plaintiff,

v.

CHARLES E. ERGEN, III,

    Defendant.

---

## ORDER

---

This matter comes before the Court on the parties' Joint Stipulated Motions for Leave to Restrict [Docket Nos. 37, 41] and defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 [Docket No. 43]. Although plaintiff has voluntarily dismissed this case, the Court "retains the inherent authority to issue orders on matters collateral to the merits." *Lundahl v. Halabi*, 600 F. App'x 596, 605 (10th Cir. 2014) (unpublished); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (stating that the determination of whether to impose sanctions under Fed. R. Civ. P. 11 "may be made after the principal suit has been terminated").

## I. BACKGROUND

Plaintiff filed this lawsuit on January 22, 2018 seeking to collect on a $60 million loan that allegedly "matured and came due on May 1, 2017." Docket No. 1 at 1-2, ¶ 3. Plaintiff asserted that the Court had diversity jurisdiction because plaintiff "is an individual and resident of the State of New York" and defendant is, "upon information

and belief, a resident of the State of Colorado." *Id.* at 1, ¶¶ 1-2. On April 16, 2018, the Court ordered plaintiff to show cause why the case should not be dismissed based on plaintiff's failure to establish the parties' domiciles for purposes of diversity jurisdiction. Docket No. 24 at 2-3. On April 20, 2018, plaintiff filed a response to the show cause order claiming that he "is a United States citizen and a citizen of New York" and that defendant renounced his United States citizenship in 2011 and became a citizen of the Federation of Saint Christopher and Nevis. Docket No. 25 at 2. Before the Court ruled on the sufficiency of these new allegations, plaintiff filed two supplemental responses to the Court's show cause order asserting that (1) defendant's United States citizenship was restored in 2016 and given retroactive effect to September 14, 2011, Docket No. 30 at 2, and (2) defendant has been residing at 5225 Bow Mar Drive, Littleton, Colorado, for the past several months with his "one-time" fiancée who recently gave birth to defendant's second child. Docket No. 33 at 2. Plaintiff argued that these facts demonstrated defendant's intent to remain domiciled in Colorado, his childhood home. Docket No. 30 at 3, Docket No. 33 at 3.

On May 17, 2018, the Court entered a second order to show cause noting that plaintiff's new jurisdictional allegations were rebutted by evidence in the record and therefore insufficient to establish the Court's subject matter jurisdiction. *See* Docket No. 35 at 5.[1] The Court directed plaintiff to file a response addressing the impact of certain evidence on the Court's determination of domicile. Docket No. 35 at 1. Plaintiff

---

[1]Much of the evidence contradicting plaintiff's jurisdictional allegations was submitted in support of defendant's Motion to Quash Service of Process and to Dismiss Pursuant to Fed. R. Civ. 12(b)(2) and 12(b)(5) [Docket No. 14], which was filed on February 20, 2018.

filed his response to the Court's second show cause order on May 30, 2018. Docket No. 38.

On May 30, 3018 and June 5, 2018, the parties filed joint stipulated motions to restrict access to documents bearing on defendant's domicile, specifically, the State Department letter of August 26, 2016 [Docket Nos. 38-5, 39] and certain exhibits filed by plaintiff in response to the Court's May 17, 2018 show cause order [Docket Nos. 38-3, 38-4, 38-6, 38-7, 38-8, 38-9, 38-10, 38-11, 38-12, 38-13].  *See* Docket Nos. 37, 41. On June 19, 2018, defendant also moved for sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, arguing that plaintiff and his attorney had provided the Court with false information concerning defendant's domicile. *See* Docket No. 43 at 4, 6-7. On August 22, 2018, plaintiff voluntarily dismissed the case pursuant to Fed. R. Civ. P. 41(a)(1), explaining that "in order to preserve certain claims under applicable statutes of limitations, and in light of the challenges asserted to this Court's jurisdiction, plaintiff [had] commenced an action in New York State Court Supreme Court, New York County." Docket No. 46 at 1. The parties' joint motions for leave to restrict and defendant's motion for sanctions are still pending.

## II. MOTIONS FOR LEAVE TO RESTRICT

The parties request a court order restricting public access to certain documents filed in this case. *See generally* Docket Nos. 37, 41. Those documents include a letter from the U.S. State Department [Docket Nos. 38-5, 39], a declaration by plaintiff's private investigator, James Albee [Docket No. 38-6], the exhibits attached to Mr. Albee's declaration [Docket Nos. 38-7, 38-8, 38-9, 38-10, 38-11, 38-12, 38-13], and

Exhibits B and C to plaintiff's May 30, 2018 declaration [Docket Nos. 38-2, 38-3]. The parties state that the State Department letter contains "personal medical information" of defendant, Docket No. 37 at 2, ¶ 5, and that the Albee declaration and exhibits "contain certain sensitive information including social security numbers, bank account numbers, and birthdates." Docket No. 41 at 2, ¶ 4.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, that presumption is not absolute and may be rebutted "if the public's right of access is outweighed by competing interests." *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)). To overcome the presumption in favor of public access, "the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Id.* (internal quotation marks omitted). It is within the district court's discretion to determine whether a particular court document should be sealed. *See Mann*, 477 F.3d at 1149 ("Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court.").

In furtherance of the common law right of access to court records, this District promulgated D.C.COLO.LCivR 7.2(c), which requires a party seeking to restrict public access to:

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c). The Court finds that the parties have met these requirements with regard to the State Department letter. Courts have previously "recognized that the privacy interest inherent in personal medical information can overcome the presumption of public access." *United States v. Dillard*, 795 F.3d 1191, 1205-06 (10th Cir. 2015); *Anderson v. Walgreen Co.*, No. 14-cv-02642-RM-MJW, 2016 WL 74934, at *2 (D. Colo. Jan. 7, 2016) (noting a "sufficient showing to overcome the presumption [in favor of public access] may be found where the records . . . contain private or personally identifiable information or otherwise invade privacy interests, such as personal medical information" (internal citations omitted)). Having reviewed the State Department letter, the Court finds that it contains information regarding defendant's medical conditions and treatment that should be kept under seal. Moreover, defendant has already submitted a redacted version of the letter, *see* Docket No. 27-4, that is sufficient to apprise the public of the information underlying the Court's decision-making process.

The Court reaches the opposite conclusion with respect to the Albee declaration

and the exhibits.  While the Court agrees that social security numbers, bank account information, and birthdates are entitled to protection from public disclosure, *see* Fed. R. Civ. P. 5.2 (requiring redaction of social-security numbers, taxpayer-identification numbers, birth dates, and financial-account numbers), the parties do not explain why it is necessary for the Court to restrict public access to the documents in their entirety rather than redacting those portions containing the confidential information.  *See* D.C.COLO.LCivR 7.2(c)(4) (requiring parties to "explain why no alternative to restriction is practicable").  Indeed, both the declaration and the exhibits contain a substantial amount of information critical to the Court's jurisdictional analysis.  Not all of that information qualifies for restriction.  The Court will therefore deny without prejudice the parties' motion to restrict public access to these documents.  Within fourteen days of this order, the parties are directed to file either redacted versions of the documents or a new motion to restrict explaining why such redaction is impracticable.  The documents will remain under seal pending the Court's acceptance of the redacted documents and/or resolution of the parties' renewed motion to restrict.

## III.  MOTION FOR SANCTIONS

Defendant requests, pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, that the Court award sanctions against plaintiff and his attorney for submitting false information to the Court concerning defendant's domicile.  *See generally* Docket No. 43.  Specifically, defendant asks the Court to require plaintiff and plaintiff's counsel to pay the fees and costs incurred by defendant in filing his motion for sanctions and his

6

motion to strike. *See id.* at 7.[2]

**A. Rule 11 Sanctions**

Federal Rule of Civil Procedure 11 provides that,

> [b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose . . . ; . . . [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). Rule 11 therefore "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Grynberg v. Ivanhoe Energy, Inc.*, 663 F. Supp. 2d 1022, 1025 (D. Colo. 2009) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Rule 11(c)(1) allows a court to "impose an appropriate sanction on any attorney, law firm, or party that violate[s] [Rule 11(b)] or is responsible for the violation," including "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(1), (4). "In deciding whether to impose Rule 11 sanctions, a district must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155

---

[2]Defendant's motion also requests that the Court strike plaintiff's responses to the Court's show cause orders to the extent that those responses are false and unsubstantiated. *See id.* As defendant has acknowledged, however, this request for relief was rendered moot by plaintiff's notice of voluntary dismissal. *See* Docket No. 48 at 3 n.2.

7

(10th Cir. 1991). The Tenth Circuit has stated that, "[b]ecause our adversary system expects lawyers to zealously represent their clients, this standard is a tough one to satisfy." *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015).

Defendant argues that Rule 11 sanctions are warranted because plaintiff failed to conduct a reasonable inquiry into the facts underlying his jurisdictional allegations and "submitted multiple improper declarations containing demonstrably false information that Plaintiff and his counsel knew lacked any evidentiary basis." Docket No. 43 at 4. In response, plaintiff contends that he has "invested significant time and resources into investigating [defendant's] citizenship" and that defendant's disagreement with plaintiff's factual assertions "does not warrant the imposition of sanctions." Docket No. 44 at 8.

The Court finds that the record supports plaintiff's assertion that he conducted a reasonable investigation into defendant's citizenship. In his first response to the show cause order entered on April 16, 2018, plaintiff submitted evidence that defendant had renounced his U.S. citizenship and obtained citizenship in the Federation of Saint Christopher and Nevis. *See* Docket Nos. 25-4, 25-5, 25-7. Soon after the response was filed, defendant submitted a redacted letter in support of a motion to quash service indicating that the U.S. State Department had restored defendant's citizenship retroactively to 2011. Docket No. 27-4 at 2. Plaintiff promptly notified the Court of the new information on April 24, 2018 and supplemented his initial response with additional allegations concerning defendant's domicile. *See* Docket Nos. 30, 33. These

8

supplemental filings were supported by declarations from plaintiff. *See* Docket Nos. 30-1, 33-1.

On May 17, 2018, the Court entered a second show cause order noting that the record contained conflicting evidence bearing on the issue of defendant's domicile and directing plaintiff to address the impact of that evidence on the Court's jurisdictional determination. *See* Docket No. 35 at 4-5, 7. In response to that order, plaintiff hired two private investigators to inquire into facts relevant to defendant's domicile. *See* Docket No. 38 at 3 (discussing supporting evidence, including declarations of private investigators James Albee and Alexis Pfefferle). Those investigations resulted in plaintiff submitting further evidence in support of his jurisdictional allegations, including various public documents and a video recording of an employee of the Ergen family stating that defendant lived at his parents' Littleton, Colorado address. *See* Docket Nos. 38-7, 38-11, 38-12, 40.

Given the stage of the litigation and the fact that plaintiff was not entitled to discovery on the issue of defendant's citizenship, *see* Docket 35 at 5-6, the Court finds plaintiff's investigative efforts adequate to satisfy the requirements of Rule 11. *Cf. Zion v. Nassan*, 727 F. Supp. 2d 388, 411 (W.D. Pa. 2010) (noting that the factors bearing on the reasonableness of a party's pre-filing inquiry include "whether the signer was in a position to know or acquire the relevant factual details"). While defendant faults plaintiff for failing to discover that the U.S. State Department restored defendant's citizenship in 2016, *see* Docket No. 43 at 4, defendant does not explain how plaintiff would have known to search for that information. *See Fuentes v. Kroenke Sports & Entm't*, No. 13-

9

cv-02481-PAB-CBS, 2014 WL 4477946, at *4 (D. Colo. Sept. 11, 2014) (rejecting argument that plaintiff's counsel improperly certified his claims because "defendant [did] not explain how [the] information could or should have been discovered through a reasonable pre-filing investigation").

The Court also rejects defendant's argument that plaintiff's filings "contain[] demonstrably false information that Plaintiff and his counsel knew lacked any evidentiary basis." Docket No. 43 at 4. Defendant specifically challenges two allegations made by plaintiff in support of federal jurisdiction: (1) defendant moved to Switzerland for the purpose of obtaining treatment for his mental health condition; and (2) defendant has been living in Littleton, Colorado with his former fiancée and newborn child. See Docket No. 43 at 4-5. Defendant does not point to any evidence that these facts are "demonstrably false" or that plaintiff and his counsel knew that the allegations lacked an evidentiary basis. The first allegation appears to be a fair inference based on at least some of the evidence submitted by plaintiff in support of federal jurisdiction. While defendant points to other evidence in the record indicating that he "moved to Switzerland to live and work there," Docket No. 43 at 4, the existence of competing evidence does not render plaintiff's allegation patently false. Nor is it appropriate for the Court to resolve the parties' factual disputes on a motion for sanctions under Rule 11. See Tso v. Murray, No. 16-cv-02480-WJM-STV, 2018 WL 684767, at *2 (D. Colo. Feb. 1, 2018) (noting that "a motion for Rule 11 sanctions is not the proper mechanism for resolving factual disputes").[3]

---

[3]Defendant also argues that defendant's "motivation for establishing a domicile in Switzerland is irrelevant for purposes of determining subject matter jurisdiction" and

As to plaintiff's second allegation, the Court agrees with defendant that plaintiff has not laid an adequate foundation for his assertion that defendant is currently living with his former fiancée and newborn child in Littleton, Colorado. *See* Docket No. 33-1 at 2, ¶ 6 (plaintiff stating, without further explanation, that, "[a]fter further investigation, [he had] just learned that for at least the past several months, [defendant] has been residing at 5225 Bow Mar Drive, Littleton, Colorado . . . with his one-time fiancé, Jacky Trevino"); *see also Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) ("Under the personal knowledge standard, an affidavit is inadmissible if the witness could not have actually perceived or observed that which he testifies to." (internal quotation marks omitted)). Plaintiff also has not submitted any evidence, aside from his own declaration, to support this allegation. Nevertheless, plaintiff's failure to satisfy the technical requirements of Fed. R. Civ. P. 56(c)(4) does not establish that he lacked a reasonable basis for his allegations. And Rule 11 sanctions are not warranted simply because plaintiff has failed to substantiate his allegations with corroborating evidence. *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 247 (D. Colo. 1993) (noting that Rule 11 does not require a party to "prove [his] case in advance of discovery" (internal quotation marks omitted); *see also Max Oil Co. Inc. v. Range Prod. Co. LLC*, 681 F. App'x 710, 714-15 (10th Cir. 2017) (unpublished) (noting that Rule 11

---

thus plaintiff's discussion of defendant's mental health conditions is intended solely to "harass and embarrass [defendant] and his family." Docket No. 43 at 5 & n.4. The Court disagrees. Defendant's purpose for moving to Switzerland is relevant to whether he intended to remain there, an essential question in the Court's jurisdictional inquiry. *See Nichols v. Chesapeake Operating, LLC*, 718 F. App'x 736, 741 n.4 (10th Cir. 2018) (unpublished) ("Domicile requires both residence in a State and intent to remain there indefinitely.").

"recognizes that sometimes a litigant may have good reason to believe that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation").[4]

For the foregoing reasons, defendant has failed to establish that sanctions are warranted under Rule 11.

### B.  Sanctions Under 28 U.S.C. § 1927

Defendant also requests an award of attorney's fees as a sanction under 28 U.S.C. § 1927.  See Docket No. 43 at 6.  That section provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  "An attorney's actions are considered vexatious and unreasonable under § 1927 if the attorney acted in bad faith," Dreiling v. Peugeot Motors of America, Inc., 768 F.2d 1159, 1165 (10th Cir. 1985), or if the attorney's conduct constitutes a "reckless disregard of the duty owed by counsel to the court."  Braley v. Campbell, 832 F.2d 1504, 1511-12 (10th Cir. 1987).  Sanctions under § 1927 are also appropriate when "an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of proceedings was unwarranted."  Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1342 (10th Cir. 1998) (internal quotations and citations omitted).

A district court has "wide discretion in matters of sanctions" under § 1927.

---

[4]Defendant challenges, for the first time in his reply brief, plaintiff's allegations regarding defendant's visits to his daughter in Littleton, Colorado.  Docket No. 45 at 3.  As discussed above, however, plaintiff's failure to explain how he would have personal knowledge of these facts does not, standing alone, warrant the imposition of sanctions.

*Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1207 (10th Cir. 2008). However, § 1927 should not be enforced so as to "dampen the legitimate zeal of an attorney in representing" a client. *Braley*, 832 F.2d at 1512. Accordingly, fees should only be awarded against attorneys whose conduct evinces a "serious and studied disregard for the orderly processes of justice." *Kiefel v. Las Vegas Hacienda, Inc*., 404 F.2d 1163, 1167 (7th Cir. 1968); *see also Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1370 n. 6 (Fed. Cir. 2012) ("Establishing attorney misconduct under § 1927 implicates a higher level of culpability than Rule 11.").

Defendant argues that an award of attorney's fees is appropriate under § 1927 because plaintiff's counsel has "made no effort to inquire into Plaintiff's blatantly false and unsupported Responses and declarations" and has continued to pursue this matter "despite strong evidence indicating that this Court lacks subject matter and personal jurisdiction." Docket No. 43 at 6-7. However, as discussed above in connection with defendant's request for Rule 11 sanctions, defendant has not presented any evidence that plaintiff's counsel misled the Court or intentionally acted without a plausible basis. *See Miera*, 143 F.3d at 1342; *Martinson v. Prof'l Bureau of Collections of Md., Inc.*, No. 09-cv-02145-MSK-BNB, 2010 WL 3777282, at *4 n.10 (D. Colo. Sept. 21, 2010) (finding that, although plaintiff could have conducted a more thorough investigation of the medical records at an earlier point in time, his conduct did not "rise to the level of reckless disregard for his duties to the Court, or bad faith" and did "not establish that he intentionally brought claims which were not plausible"). In order to determine whether the "entire course of proceedings before th[e] Court [was] unwarranted," Docket No. 43 at 7, the Court would have to resolve the parties' factual disputes and render a

jurisdictional ruling, which the Court no longer has the authority to do. The Court therefore finds that defendant has failed to assert a basis for awarding sanctions under § 1927. *See Mendoza v. Valley Park Apartments, Inc.*, No. 13-cv-00002-PAB-KMT, 2014 WL 984687, at *3 (D. Colo. Mar. 13, 2014) (declining to award sanctions where, "[i]n order to evaluate whether plaintiffs' counsel acted reasonably in bringing [the breach of contract claim], the Court would have [had] to, in effect, review the claim on its merits, which it lacks jurisdiction to do, and evaluate the credibility of plaintiffs, which would be inappropriate").

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the parties' Joint Stipulated Motion to Restrict Access [Docket No. 37] is **GRANTED**. The State Department letter, Docket No. 39, will remain under a Level 1 restriction. It is further

**ORDERED** that the parties' Joint Stipulated Motion to Restrict Access [Docket No. 41] is **DENIED** without prejudice. It is further

**ORDERED** that, within fourteen days of this order, the parties shall file either (1) redacted versions of the Albee declaration [Docket No. 38-6], the exhibits attached to the Albee Declaration [Docket Nos. 38-7, 38-8, 38-9, 38-10, 38-11, 38-12, 38-13], and Exhibits B and C to the Trimarco declaration [Docket Nos. 38-3, 38-4], or (2) a renewed motion to restrict explaining why such redaction is impracticable. It is further

**ORDERED** that defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 [Docket No. 43] is **DENIED**. It is further

**ORDERED** that defendant's Request for Ruling on Motion for Sanctions [Docket No. 48] is **DENIED** as moot.

DATED January 9, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge